Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed referendum, as follows:
 Popular Name AN ACT TO INCREASE THE STATE SALES AND USE TAX RATES BY ½% Ballot Title AN ACT TO INCREASE THE STATE SALES AND USE TAX RATES BY ½%; PROVIDING THAT THE COLLECTION OF SAID TAXES SHALL COMMENCE ON JANUARY 1, 2001; PROVIDING THAT THE TAXES IMPOSED BY SAID ACT SHALL BE COLLECTED, REPORTED, AND PAID AS OTHER SALES AND USE TAXES; THE SAME BEING SECTION 8(c)(1) AND 2 AND SECTION 9(c)(1) AND (2) OF HOUSE BILL 1002 AND SENATE BILL 1 OF THE SECOND EXTRAORDINARY SESSION OF 2000, 82ND GENERAL ASSEMBLY OF THE STATE OF ARKANSAS, (HOUSE BILL 1002 AND SENATE BILL 1 OF SAID SESSION BEING THE HOUSE AND SENATE VERSIONS OF THE SAME LAW) APPROVED ON THE 15TH DAY OF DECEMBER, 2000.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the proposal, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed referendum.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed measure that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed referendum petition, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title and popular name due to ambiguities in the text of your petition. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. §7-9-107(b).
I refer to the following ambiguities:
 1. In the text of your referendum petition, you identify the measure being referred as certain sections of "House Bill 1002 and Senate Bill 1 of the Second Extraordinary Session of 2000, 82nd General Assembly of the State of Arkansas, (House Bill 1002 and Senate Bill 1 of said session being the House and Senate versions of the same law) approved on the 15th day of December, 2000. . . ." In my opinion this reference is ambiguous. It is repeated in your proposed ballot title. Both the petition and the ballot title should refer to the act number of the measure being referred and not to the bill numbers. This requirement is compelled, in my opinion, both by A.C.A. § 7-9-105, which sets out the form of a referendum petition, and by case law of the Arkansas Supreme Court, which requires a referendum to sufficiently identify the measure being referred. See e.g., Fletcher v. Bryant, 243 Ark. 864, 422 S.W.2d 698 (1968). I am cognizant of the fact that at this date, no formal action has been taken to assign a number to this act. It is my opinion, nevertheless, that your petition must refer to the ultimate act number, or it, and consequently your ballot title, will be subject to challenge on this basis.
 2. The body of your petition also requests that the pertinent portions of the act in question "be referred to the people of said State of Arkansas, to the end that the same may be approved or rejected by the vote of the legal voters of the state, at a special election to be scheduled by the Secretary of State and other proper state officials as soon as possible after the certification of sufficient signatures, except that if the signatures gathered are deemed legally insufficient to call a special election, then said election shall be held at the General Election in November of 2002." This portion of your petition has reference to that part of Amendment 7 which provides that ". . . referendum petitions may be referred to the people at special elections to be called by the proper official, and such special elections shall be called when fifteen percent of the legal voters shall petition for such special election. . . ." Amendment 7 ("General Provisions" "Election"). This provision grants the "proper officials" the discretion to call a special election on a referendum, as opposed to waiting for the general election, but also requires them to call a special election if fifteen percent of the voters so petition. Your referendum petition appears to take away any discretion of such officials, by stating that "if the signatures are deemed legally insufficient to call a special election, then said election shall be held at the General Election in November 2002." (Emphasis added). In my opinion this portion of your petition may be contrary to Amendment 7.
In addition to the ambiguities above, which prevent me at this time from certifying any popular name and ballot title for your measure, I must note that the proposed popular name and ballot title you have submitted are in my judgment insufficient. Although it is clear, from a reading of your petition, that you seek a referendum only on portions of the act in question, your proposed popular name is misleading in referring to "An Act to Increase the State Sales and Use Tax Rates By ½%." This reference may mislead the public into believing the provisions of an entire act are before them for approval or rejection.
In addition, in my judgment, more information about the substance and context of the act in question must be conferred upon the voters in the ballot title in order for them to make an informed choice. In particular, the fact that the increase in the sales and use tax is to be used to offset a reduction in revenue occasioned by a property tax reduction would, in my opinion, give a voter "serious ground for reflection" in casting his ballot. It must therefore be disclosed in the ballot title for your measure.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP/cyh